UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RHAMBO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEXIS SMART; and DOES 1 to 10,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-02597-MEMF(RAOx)<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS** |

　　　On April 19, 2022, Plaintiff Michael Rhambo filed a Complaint against Defendant Alexis Smart, asserting: (1) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213; (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE §§ 51-52 *et seq*.; (3) a claim for damages pursuant to the California Disabled Persons Act, CAL. CIV. CODE §§ 54 *et seq*.; (4) a claim for restitution and injunctive relief pursuant to California's Unfair Competition Act, CAL. BUS. AND

1

1  PROF. CODE §§ 17200 *et seq.*; and (5) a claim for negligence. ECF No. 1.  The Complaint alleges
2  that this Court has jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and
3  that the state law claims are brought "pursuant to pendant[sp] jurisdiction." *Id.*  ¶¶ 1–2.

4  Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,
5  28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when
6  deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in
7  each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,
8  and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)
9  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

10  California law sets forth a heightened pleading standard for a limited group of lawsuits
11  brought under the Unruh Act. *See* CAL. CIV. PROC. CODE § 425.55(a)(2) & (3). The stricter pleading
12  standard requires certain plaintiffs bringing construction-access claims like the one in the instant
13  case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the
14  specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff
15  encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A "high-frequency
16  litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* CAL.
17  GOV'T CODE § 70616.5.

18  In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court
19  should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons
20  Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. §
21  1367(c). In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory
22  damages Plaintiff seeks to recover. Plaintiff and his counsel shall also support their responses to the
23  Order to Show Cause with declarations, signed under penalty of perjury, providing all facts
24  necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as
25  provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2).

26  Plaintiff shall file a Response to this Order to Show Cause by May 12, 2022. The failure to
27  timely or adequately respond to this Order to Show Cause may, without further warning, result in the
28  Court declining to exercise supplemental jurisdiction over the Unruh Act claim, the California

Disabled Persons Act claim, the California Unfair Competition Act claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: April 21, 2022       _____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge